UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GAWAIN E. McKENZIE,

               Plaintiff,

   -against-

DEFENSE FINANCE AND ACCOUNTING
SERVICE,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER**
**OF SETTLEMENT AND**
**DISCONTINUANCE**

Civil Action No.
CV-05-4658

(ROSS, J.)
(BLOOM, M.J.)

WHEREAS, on or about July 22, 2005, Plaintiff commenced an action in the Civil

Court for the City of New York, County of Queens, bearing Index No. 53155QCV2005 (the

"action"), seeking to recover three thousand five hundred dollars ($3,500.00) in damages from the

Defense Finance and Accounting Service ("DFAS"), which sum reflected an alleged injury to his

credit and finances, in connection with DFAS' processing of his pay during a term of service with

the New York National Guard in early 2004; and

WHEREAS, on October 3, 2005, the action was removed to this Court pursuant to

28 U.S.C. § 1442; and

WHEREAS, on or about October 4, 2005, Defendant moved for a more definite

statement of Plaintiff's claims; and

WHEREAS, on or about November 17, 2005, Plaintiff interposed an amended

complaint in this action, containing additional factual allegations, but continuing to seek three

thousand five hundred dollars ($3,500.00) in damages.

WHEREAS, on January 17, 2006, Defendant interposed an answer to the complaint,

and asserted a counterclaim against Plaintiff in the amount of one thousand five hundred thirty nine

dollars and thirty-five cents ($1,539.35), alleging that this sum was overpaid to Plaintiff by DFAS; and

WHEREAS, as of this date, no answer or other response to the Counterclaim has been filed; and

WHEREAS, subsequent to the filing of the Counterclaim, DFAS has concluded that the correct amount of the alleged overpayment was in fact one thousand, four hundred and seven dollars and forty-four cents ($1,407.44); and

WHEREAS, the parties now desire to resolve all claims and counterclaims in this action, without the necessity of further proceedings,

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, AND IT IS ORDERED BY THE COURT, that:

1.  Plaintiff agrees to pay Defendant the sum of one thousand dollars ($1,000.00) (the "settlement sum") in full satisfaction of DFAS' counterclaim in the above-captioned action.

2.  The settlement sum described in paragraph "1" shall be paid by means of ten (10) monthly payments in the amount of one hundred dollars ($100.00) each. These payments shall be made by the fifteenth (15 th) day of each month, commencing on June 15, 2006, and shall be transmitted by Plaintiff, by check made payable to "the United States Treasury," and sent via U.S. Mail to United States Attorney's Office, Eastern District of New York, Financial Litigation Unit, Attention: Ms. Brenda Hinkson, One Pierrepont Plaza, 16th Floor, Brooklyn, NY 11201. Plaintiff shall note his social security number on each payment check to assure prompt and accurate processing. Plaintiff may, at his option, pay more than one hundred dollars per month, but in no event shall he pay less than one hundred dollars per month, unless an amount of less than one hundred dollars remains to be paid out of the balance of the settlement sum, in which case Plaintiff

shall pay the full amount remaining. Plaintiff's obligation to make payments shall continue until the entirety of the settlement sum is paid.

3. DFAS agrees to accept the settlement sum described in paragraph "1," on the schedule outlined in paragraph "2," in full satisfaction of its counterclaim in this action. In consideration of the payment of the settlement sum, DFAS hereby withdraws and dismisses with prejudice its counterclaim in this action, together with any claims, causes, or rights of action against Plaintiff for recovery of any alleged overpayment of pay or benefits during the period between January 31, 2004, and March 31, 2004.

4. In consideration of DFAS' acceptance of the settlement sum, Plaintiff hereby withdraws and dismisses, with prejudice, all claims, causes, or rights of action that were or could have been alleged by him in his amended complaint in this action in connection with his payment by Defendant in connection with his service in the New York National Guard, as well as for any alleged injury resulting therefrom.

5. Notwithstanding the withdrawal and dismissal with prejudice of all claims and counterclaims in this action, the Court shall retain jurisdiction over this matter for the sole purpose of enforcing compliance with the terms of this stipulation of settlement.

6. The parties acknowledge, understand, and agree that this Stipulation and Order sets forth the entire agreement between the parties relating to the subject matter addressed by this Stipulation and Order, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or their counsel that are not included in this Stipulation and Order shall be of any force or effect.

7. Plaintiff acknowledges and represents that in executing this Stipulation and Order he does not and has not relied upon any representations or statements other than those

contained in this Stipulation and Order, by defendant or its agents, officers, representatives or attorneys with regard to the subject matter, basis or effect of this Stipulation and Order.

8.  Plaintiff acknowledges that he fully understands the terms and obligations set forth in this Stipulation and Order and that he knowingly and voluntarily agrees to these terms and obligations.

9.  The parties agree that each party shall bear its own costs, fees, and expenses in this action, including attorneys fees.

10.  In light of the foregoing, the Amended Complaint in this action, and Defendant's Counterclaim in this action are hereby dismissed with prejudice, and without costs, expenses, or attorneys' fees to any party, pursuant to Fed. R. Civ. P. 41(a).


Dated: Queens, New York
       May 24, 2006

       GAWAIN E. MCKENZIE
       Plaintiff *Pro Se*
       120-46 131st Street
       S. Ozone Park, NY 11420



By: _Gawain E. McKenzie_
       GAWAIN E. MCKENZIE
       (718) 318-1188


SO ORDERED at Brooklyn, New York
this 2nd day of June, 2006:


_____
HONORABLE ALLYNE R. ROSS
United States District Judge

Dated:  Brooklyn, New York
        May 31, 2006

        ROSLYNN R. MAUSKOPF
        United States Attorney
        Eastern District of New York
        *Attorney for Defendant*

        1 Pierrepont Plaza
        Brooklyn, New York 11201

By: _____
        ZACHARY A. CUNHA (ZC 5946)
        Assistant U.S. Attorney
        (718) 254-6094